(8 Misc. Rep. 43.)
## SHEFFIELD v. SMITH.

(City Court of Brooklyn, General Term.    April 24, 1894.)

PRINCIPAL AND AGENT—POWER OF AGENT.

> Defendant, before departing to a distant state, offered to exchange certain property with plaintiff, subject to the approval of defendant's son, and stated that the son had a power of attorney.   The power of attorney was given shortly before, and authorized the son to transact all of defendant's business, and sign his name for any purpose.   *Held*, that the son, in completing the contract for the exchange of property, had authority to sign a contract of exchange providing that, if either party failed to perform, he should pay the other certain stipulated damages.

Appeal from trial term.

Action by Thomas Sheffield against David W. Smith.    From a judgment dismissing the complaint, plaintiff appeals.    Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Martin E. Halpin, for appellant.

Stephen W. Collins, for respondent.

VAN WYCK, J.    This is an appeal from a judgment dismissing the complaint, with costs, entered upon the decision of the judge at special term.    The plaintiff brought this action to recover from defendant $500, the amount agreed upon in a contract for the exchange of real estate, "as fixed and settled damages" to be paid by the party failing to perform his part of the contract.    The defendant refused to perform on his part, and set up in his answer herein that his son, Abel Smith, who executed the contract in defendant's name, was not authorized to make for him any agreement for exchange of the real estate, and was specifically directed by defendant not to make this agreement of exchange; and that Abel Smith was induced by the fraud and misrepresentations of plaintiff to sign the contract. The defendant and his son, Abel Smith, both testified that the latter was not authorized to sign any contract of exchange for the former. They were contradicted by witnesses to whom both had stated that Abel Smith was authorized to sign a contract for exchange of the real estate in question.    The court decided that there was no fraud, and, by the fifth, seventh, eleventh, and fourteenth findings of fact, that Abel Smith was authorized to sign a contract of exchange, and did enter into the contract in question at the request of his father, the defendant; but by the twenty-sixth finding of fact decided that Abel Smith was not authorized "to bind defendant in any sum of money to the plaintiff, in any event whatsoever," and, as a conclusion of law therefrom, held the complaint should be dismissed. The twenty-sixth finding seems to be inconsistent with the seventh finding, in which the court held that the contract in question was entered into by Abel Smith "on behalf and as the agent and attorney in fact for his father, the defendant herein."    Without further reference to such seeming inconsistency, we will now consider whether this twenty-sixth finding is sustained by the evidence. It must be remembered that the court has found that both the defendant and his son, Abel Smith, testified falsely when they swore

that the latter had no authority to sign for the former a contract of exchange of his property for that of the plaintiff. The defendant testified that he was engaged in no regular business in May and June, 1893, and that he had no business during that period except his efforts to dispose of the premises in question by sale or exchange; and that he was about to go west at that time, with the idea of making a long sojourn there. According to the testimony of defendant and other witnesses, it appears that defendant, just before starting for the west, had offered his property and $1,000 for plaintiff's premises, subject to the approval of his son after his personal inspection thereof, informing the party through whom such offer was made that his son had a power of attorney. It is dated May 20, 1893, and is a general power of attorney, authorizing his son to transact all of his business, of whatever name or nature, and to sign his name, as such attorney, for any purpose that his son may deem necessary for the proper transaction of such business, or any part thereof. After defendant departed for the west, his son inspected the premises, and approved of the exchange, and signed the contract of exchange, containing an agreement that, if either party failed to perform, he should pay to the other party $500 as fixed damages for such default. We think the son was authorized, under the circumstances, to sign the contract for defendant, including all its terms. Judgment must be reversed, and new trial ordered, with costs to abide the event.